UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**BIAGO FARESE,**

                                 **Plaintiff,**

                **-v-**                                **1:11-CV-166 (NAM/RFT)**

**PMR TECH INC. and PEDRO E. RIOS, in his
individual capacity,**

                                **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

Charny & Associates
Nathaniel K. Charny, Esq., of counsel
Thomas E. Feeney, Esq., of counsel
9 West Market Street
Rhinebeck, New York 12572
Attorney for Plaintiff

**Hon. Norman A. Mordue, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Plaintiff submits a second motion (Dkt. No. 16) for default judgment in this action for unpaid minimum wage, overtime, spread of hours and timely payment of wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("Labor Law"), and unpaid wages under the New York Business Corporation Law ("BCL"). On October 5, 2011, plaintiff obtained a clerk's entry of default against both defendants (Dkt. No. 12). Plaintiff's first motion (Dkt. No. 14), for default judgment and attorneys fees was denied (Dkt. No. 15) without prejudice to renewal upon competent proof of damages.

      Plaintiff's submissions, including his declaration under 28 U.S.C. § 1746, establish the compensation due to him for the work he performed for defendant PMR Tech, Inc. Plaintiff has

demonstrated that he is entitled to recover from defendants, jointly and severally, unpaid minimum wages and overtime totalling $4,796, plus an equal sum as liquidated damages, for a total of $9,592 under the FLSA. *See* 29 U.S.C. § 216(b). He has also demonstrated his entitlement to recover unpaid minimum wages and overtime, plus $130 spread-of-hours compensation, totalling $4,926, plus 25% liquidated damages (the amount sought in the complaint), for a total of $6,157.50 under the Labor Law. The Court holds that PMR Tech Inc. and Pedro E. Rios are jointly and severally liable to plaintiff under the FLSA and Labor Law, based on all of the circumstances and in view of the expansive definition of "employer" under these remedial statutory schemes. *See* 29 U.S.C. § 203(d); Labor Law § 190(3); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999); *Flannigan v. Vulcan Power Grp., LLC*, 712 F.Supp.2d 63, 68-69 (S.D.N.Y. 2010). In addition, plaintiff is entitled to judgment against defendant Rios personally for wages due and owing in the sum of $3,032. *See* BCL § 630. Thus, PMR Tech Inc. and Pedro E. Rios are jointly and severally liable to plaintiff in the amount of $9,592, plus prejudgment interest on $3,332 (as requested in the complaint) at the rate of 9% from June 1, 2010 until the date of the Judgment herein. *See* N.Y.C.P.L.R. 5001(b); 5004.

Plaintiff also seeks attorneys' fees and costs. *See* 29 U.S.C. § 216(b); Labor Law 198(1-a). Plaintiff's attorneys have submitted declarations setting forth their experience, background, and qualifications. Based on these declarations, and in light of the *Johnson* factors, *see Arbor Hill Concerned Citizens v. County of Albany*, 522 F.3d 182, 187, n.3 (2d Cir. 2008) (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974)), and the prevailing hourly rates in this district, which are what a reasonable, paying client would be willing to pay, *see Bergerson v. New York State Office of Mental Health*, 652 F.3d 277, 290 (2d Cir. 2011), the

Court finds that the reasonable hourly fee is $210 for work performed by Nathaniel K. Charny, Esq., and $150 per hour for work performed by Thomas E. Feeney, Esq. and Russell G. Wheeler, Esq. Counsel have submitted a time sheet detailing the number of hours reasonably expended on the matter. The Court finds that the reasonable attorneys' fees amount to $4,035. Costs of $650.47 are awarded, for a total of $4,685.47 attorneys' fees and costs.

It is therefore

ORDERED that plaintiff's motion (Dkt. No. 16) for default judgment is granted; and it is further

ORDERED that PMR Tech Inc. and Pedro E. Rios are jointly and severally liable to plaintiff in the amount of $9,592, plus $4,685.47 attorneys' fees and costs, for a total of $14,277.47, plus prejudgment interest on $3,332 at the rate of 9% from June 1, 2010 until the date of the Judgment herein.

IT IS SO ORDERED.

Date:  June 25, 2012
       Syracuse, New York

_____
Honorable Norman A. Mordue
U.S. District Judge